IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICO L. GLYNN,**

                        **Petitioner,**

          **v.**                                   **CASE NO. 12-3030-SAC**

**JAMES HEIMGARTNER,**
**et al.,**

                        **Respondents.**

### O R D E R

This pro se habeas corpus application was submitted by a prisoner confined in the El Dorado Correctional Facility, El Dorado, Kansas. Petitioner has also submitted a motion to proceed in forma pauperis (Doc. 2) and motion to appoint counsel (Doc. 3). The court grants petitioner leave to proceed in forma pauperis based upon the balance in his inmate account.

However, the court finds that this Petition is defective, and orders Mr. Glynn to submit his petition on court-approved forms in accord with D.Kan.Rule 9.1(a). He will be given time to comply with this Order. He may not simply refer to the defective pleading he has already filed, but must complete all applicable questions on the forms to the best of his ability. The failure to comply with this requirement within the time allotted may result in this action being dismissed without prejudice and without further prior notice to petitioner.

The application before the court indicates that Mr. Glynn was convicted in the District Court of Sedgwick County, Wichita, Kansas, in two cases: 03-CR-1254 and 03-CR-1459. He may challenge only one

conviction in a single application. The court notes that Mr. Glynn simultaneously filed a second habeas application, which appears to challenge only Case No. 03-CR-1459. See Glynn v. Heimgartner, No. 12-3031-SAC (D.Kan.). The application in this case might be intended to challenge Mr. Glynn's conviction in Case No. 03-CR-1254 only.[1] Petitioner must make it clear in his new form petition that he is challenging only one criminal case and which case is being challenged.

Because petitioner has not utilized the forms and does not include questions before his answers, his application is not clear. The court will direct the clerk to send a copy of this defective application to Mr. Glynn, and he may utilize that copy to either cut and paste his statements of issues into his new petition or to copy information into the answer spaces for the correct questions. However, he must present all his issues relating to a single criminal case in his new petition and respond to all questions that are asked on the forms with regard to each issue. If he has more issues than space on the forms he may attach additional pages, but he must continue to clearly number each issue presented on an attached page, and clearly indicate the questions from the forms he is answering with regard to that issue by preceding his responses with the form questions.

The court has considered petitioner's Motion for Appointment of

---

[1] On-line records of the Kansas Department of Corrections show that Mr. Glynn was convicted of Aggravated Burglary, Aggravated Robbery, Attempted First Degree Murder, and Aggravated Battery in Case No. 03-CR-1254 and sentenced on May 21, 2004.

Counsel (Doc. 3) and finds it should be denied, without prejudice. Generally, there is no constitutional right to appointment of counsel in a federal habeas corpus action, unless the court determines that an evidentiary hearing is necessary. <u>Swazo v. Wyom. Dept. Of Corrections</u>, 23 F.3d 332, (10th Cir. 1994). Unless and until an evidentiary hearing is ordered then, the decision whether to appoint counsel is within the discretion of the district court. <u>Id.</u> In this case, the court finds that petitioner appears capable of setting forth his claims and facts in support, that he has been involved in presenting his claims in state court, and that written opinions discussing those claims are available. The court is not convinced that petitioner's segregated status or his lack of experience as a lawyer entitles him to counsel.

**IT IS THEREFORE BY THE COURT ORDERED** that petitioner is granted thirty (30) days in which to properly and fully complete and submit his claims upon forms provided by the court for filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner's Motion to Proceed in forma pauperis (Doc. 2) is granted, and that his Motion for Appointment of Counsel (Doc. 3) is denied, without prejudice.

The clerk is directed to copy the Petition (Doc. 1) filed in this case and send that copy to Mr. Glynn, along with the court-approved forms for filing under 28 U.S.C. § 2254.

**IT IS SO ORDERED.**

DATED: This 10th day of April, 2012, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge